## SIM TRAMMELL *v.* THE STATE.

1. EVIDENCE — IMPEACHING WITNESS. — Failure to qualify as a witness with regard to the general reputation of another witness in the neighborhood for truth and veracity, the impeaching witness was properly held incompetent.

2. SAME — PRACTICE. — But during his preliminary examination as to his means of knowledge, the witness stated that the reputation of another witness was bad. *Held,* that the court erred in refusing to withdraw the statement from the jury, or to instruct the jury to disregard this statement of the proposed impeaching witness.

APPEAL from the District Court of Limestone. Tried below before the Hon. L. D. BRADLEY.

The indictment charged an assault with intent to murder J. D. House. The verdict assessed the punishment at two years in the penitentiary. The question upon which the judgment is reversed requires no statement of the facts of the case.

*M. D. Herring, W. H. Frisbie, B. M. Barron* and *L. B. Cobb,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

White, P. J.   Having failed to qualify himself as a witness with regard to the general reputation of defendant's witness, Betsy Rusk, for truth, in the neighborhood in which she lived, the court very properly held that the impeaching witness, Stephens, was incompetent to testify. *Holbert* v. *State*, 9 Texas Ct. App. 219. But during this preliminary examination touching his means of knowledge and qualification to impeach, Stephens had stated that Betsy Rusk's reputation for truth and veracity was, in his opinion, bad. After he was held incompetent by the court, defendant's counsel requested that the court would exclude from the jury such statements as Stephens had made about the witness' reputation being bad. This, in our opinion, the court should have done. The jury should have been instructed to disregard the entire testimony of the witness on the subject.

To permit him to express his opinion as to her reputation, or, rather, to permit such evidence to remain before the jury, was the same in effect as if the witness had been held competent and permitted to testify on that point. The witness could not in any manner have qualified himself to give his individual opinion, independent of the general reputation. Exception was taken at the time to the refusal of the court to withdraw these statements of the incompetent witness, and an instruction directly covering the point was requested by defendant's counsel and refused by the court. It is not necessary to discuss any of the other supposed errors, as they are not considered tenable.

Because of the error stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*